## ACTION FOR GOODS SOLD AND DELIVERED.

Circuit Court of Cuyahoga County.

BEN SANDS v. THE FOREST CITY SAVINGS & TRUST COMPANY, RECEIVER.[*]

Decided, November 18, 1907.

*Pleading and Practice—Issues Raised by General Denial in Action for Goods Sold and Delivered.*

In an action for goods sold and delivered, to which a general denial is pleaded, the only questions for the jury are the sale and receipt of the goods and their value.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action on an account, in the short form, for goods sold and delivered. The answer was a general denial and the verdict was for the plaintiff.

---

[*]Affirmed without opinion, *Sands* v. *Forest City Savings & Trust Co.,* 81 Ohio State, 551.

The defendant below alleged errors in ruling on evidence and in the charge.

All of these rulings are due to the general nature of the answer. Under a more specific answer, the issues the defendant tried to intermix might have been available to him.

The goods delivered were fixtures for a jeweler's store. The defendant claimed that there had been a written contract between the parties for other fixtures and that said contract contained a clause that no charge for extras should be made unless an agreement for them was made in writing.

One of the defendant's claims was that the goods involved in this case were extras, and that there was no written agreement concerning them.

Another claim he made was that by reason of defects in the goods furnished under the contract, these were furnished without extra charge, to make good that contract. He also desired to show that he had paid the full price stipulated in the written contract and that such payment paid for these goods. Another claim was that part of the goods in the account sued upon were included in the written contract.

He also made an effort to show the value of the goods by an expert, but as this expert did not see the goods until some six months after they were delivered, we think this testimony properly excluded.

The defendant admitted the receipt of the goods, and under this situation we think the court properly charged the jury that the only thing for them to do was to determine the value of them and bring in a verdict for the plaintiff for the amount so determined.

We have examined a large number of Ohio cases and some from other states as to what is admissible in defense under the general issue in assumpsit. The question has always been difficult and those of us who have been brought up under code pleading may be thankful that many of these difficulties were swept away by the code. That was the purpose of it.

It is said in 2 Enc. of Pl. & Pr., 1027:

"According to the strict original principles of the common law, no defenses were admissible under the general issue except such as went in denial of the allegations of the declaration. Gradually, however, not only such defenses as deny the allegations of the declaration, but almost all matter in avoidance, have been held good defenses under the plea of non-assumpsit until now the general plea may be said to deny not a part of the case only, but the whole case to such extent that under it the defendant is generally entitled to give evidence of any thing which shows that *ex aequo et bono.*, the plaintiff ought not to recover."

The code provides what an answer must contain:

"5066. The answer shall contain:

"1. A general or specific denial of each material allegation of the petition controverted by the defendant.

"2. A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language.

"3. When a defendant seeks affirmative relief therein a demand for the relief to which he supposes himself entitled."

The defendant in this case brought himself within the first paragraph of this section and sought only to controvert the allegations that the goods mentioned in the account were sold and delivered to him and were of the value claimed. After a careful examination of all the rulings of the trial judge, we think he was right in excluding the offers made by the defendant on the ground that he should have followed the second paragraph of the section and pleaded the new matter which he sought to offer in defense and in recoupment.

Finding no error in the record, the judgment is affirmed.